Major v. Cayce, &c.

CASE 60—PETITION EQUITY—DECEMBER 4.

# Major v. Cayce, &c.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

COMMON SCHOOLS—RIGHT OF TEACHER TO DEMAND COMPENSATION FOR TEACHING HIGHER BRANCHES OF LEARNING.—The trustees of a common school district may, by their contract with a teacher employed by them, give him the right to contract with pupils or their parentr for compensation for the teaching of other and higher branches of learning than those prescribed by the State Board of Education. And pupils to whom he refuses to teach such branches without compensation have no right to complain.

J. I. LANDES AND JOHN FELAND FOR APPELLANT.

Each pupil in a common school district is entitled to receive instruction, free of expense, in every branch that is taught or allowed to be taught in the school during the term for which the common school is to be taught, it being the policy of the common school laws to place all the pupils of each district on an exact equality. (Ky. Stats., secs. 4364, 4382, 4383, 4506; Civil Code, sec. 276; Newman v. Thompson, 9 Ky. Law Rep., 199.)

M. D. BROWN FOR APPELLEES.

The appellant was not entitled to have the higher branches, not embraced in the regular school course, taught to his daughter free of charge.

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

The appellant, Thomas H. Major, being a citizen and resident of Common School District No. 78, Christian county, and being the father of four children, resident therein, and within the school ages between six and twenty years, and the father being thus entitled, under the law, to the benefits of said common school for the education of his children, which was being taught in said district by one G. V. Don-

*Major v. Cayce, &c.*

nell, under a contract with appellees as trustees of said district, yet appellant complains that he is denied and that his children are denied the full benefit of said common school, to which, under the law, they are entitled—in this, that he says, his eldest daughter being sufficiently advanced, and having capacity to study algebra and higher arithmetic, and that both himself and his daughter, desiring to do so, yet she is refused the benefit of instruction in these particular branches unless he will pay additional and specific compensation for such instruction to the said teacher, which he, being unwilling to do, therefore seeks by this proceeding against the trustees and the teacher to compel them to furnish such instruction in these branches to his daughter.

Plaintiff states in his petition that these particular studies *are in addition to those prescribed* by the State Board of Education, which, he says, embrace "spelling, reading, writing, arithmetic, English grammar, English composition, geography, physiology, hygiene, civil government, United States history, and history of Kentucky, and the nature and effect of alcoholic drinks on the human system."

And plaintiff says that the said trustees have *authorized and permitted* the defendant, Geo. V. Donnell, the teacher employed by them as aforesaid, to teach the common school in said district, to introduce and teach in said common school certain other higher studies or branches of learning which are not embraced in the course of study in such schools under the statute, and which have not been prescribed by the State board of education, viz: "Algebra, higher arithmetic, Latin, bookkeeping," etc., and that defendant, Geo. V. Donnell, has established classes and is teaching these branches in the school along with and in addition to the studies required by law to be taught in such common school.

Plaintiff further alleges that before filing this proceeding he laid his complaint before the trustees and requested them to compel the teacher to so give the instruction to his daughter in these higher classes without extra compensation, which they refused to do.

Plaintiff contends that, under the constitution and by the provisions of the common school law, his daughter is entitled to this right as claimed.

We are cited by plaintiff to the following sections of the common school law of this State, chapter 113, Kentucky Statutes:

Section 4363. This section provides that there shall be maintained throughout the State of Kentucky a uniform system of common schools in accordance with *the constitution of the State and this chapter.*

Section 4364 provides that "no school shall be deemed a common school, within the meaning of this chapter, or be entitled to any contribution out of the school fund, unless the same has been, pursuant hereto, actually kept, or is under contract to be kept, by a qualified teacher therein * * *for five months* during the same school year, and at which every child in the district between the ages of six and twenty years has had the privilege of attending *whether contributing towards defraying its expenses or not: Provided,* That nothing herein shall prevent *any person* from attending a common school who will obtain the consent of the trustees and the teachers and pay the required tuition fees." This section again repeats that "tuition shall be free of expense to every pupil child."

Section 4366, among other things, provides that where the school shall require *an assistant* to serve regularly at a

salary, such assistant shall hold a certificate of qualification *and be employed by the trustees."*

Section 4382 provides that the State Board of Education shall, among other duties, "prescribe and publish a public graded course of study for common schools, specifying the order of studies and the time to be allotted to each, which course of study shall be observed by the teacher and enforced by the trustees."

Section 4383 designates what the instruction prescribed by the board shall embrace, and same is correctly set out by plaintiff in his petition, and has been quoted herein.

Section 4445 provides that "the trustees, in their corporate capacity, at a meeting called for that purpose, shall employ a qualified teacher and agree with him as to compensation." * *

Section 4506 provides that "teachers shall faithfully enforce in school the course of study, the use of the text-books adopted in the county, and the regulations prescribed in pursuance of the law. * * * * * But no teacher shall be required, or under any obligation, to teach any other than the common school branches prescribed by the State Board of Education in the common schools, *unless it shall be so specified in a written contract with the trustees."*

It may be noticed that the petition of plaintiff, in speaking of the *authority and permission* given by the trustees of this school district to the teacher to teach these other and higher branches of education than those prescribed by the State Board of Education, does not say, in so many words, that the teacher was authorized by the trustees to charge and receive compensation therefor; and, while it may be fairly inferred therefrom that such was the case, yet this point is made clear by appellant's counsel in their brief, wherein they say: "In this case, as shown by the *allegations*

*of the petition,* the trustees of Common School District No. 78, of Christian county, employed Donnell to teach the school for five months, beginning September, 1895, *and allowed him in the contract of employment* to teach what are called the 'higher branches,' not prescribed in the course of study for common schools, *and allowed him to charge tuition fees for teaching these higher branches,* and that the teacher refused to admit a daughter of appellant, who is a pupil, within the school age, of the school, to study some of these higher branches which are mentioned in the petition, without the payment of extra tuition therefor to the teacher, which appellant refuses to do," etc.

Assuming, as we do, that under the school law the pupils, all within the age and resident in the district, are entitled to attend these common schools and to receive tuition in all the branches *prescribed by the State Board of Education* to be taught therein free of expense, and without contributing anything to the expense of such school, and assuming, as we do, that the trustees must, in good faith in their conduct with reference to these schools, in all respects observe and carry out the provisions of the school law, appropriating to the support of such common school the entire fund provided by law for defraying the expenses of same, yet we are at a loss to understand *what right it is* that plaintiff is entitled to, under this school law, that he has been deprived of.

It is not alleged that the trustees have, in bad faith, or even unlawfully or wrongfully, or at all, in their contract with the teacher, omitted or neglected to demand and require of the teacher to do everything incumbent on him as such teacher. They did not omit from the studies or branches to be taught by him any study or branch of education that the State Board of Education required to be taught in the common schools of the State.

Neither was the teacher authorized to charge or demand, neither has he charged or demanded, of plaintiff, any compensation whatever for teaching his children all the branches required by law to be taught—the same that are taught to every other pupil in the school. Neither did he refuse to teach and give instruction to the children of appellant in every branch of education required by law to be taught in common schools; nor did he demand any compensation therefor.

In the language of the law all this was given and tendered, and ready to be performed by the teacher free of any and all charges to appellant for his children as well as to every other child within the school age in the district. There was not accorded, under this contract between the trustees and the teacher, any right or privilege to the children of any other parent resident within the district that was not accorded to the children of appellant.

Keeping in view these essential requirements of the law, that the tuition, as prescribed by the State Board of Education, must be taught in all common schools of the State, and that every child resident within the several school districts, within the school age, shall be entitled to attend and to receive instruction in all these branches free of cost, all beyond this was subject to the control, authority and management of the trustees. They select and make the contract with the teacher and fix his compensation. They determine where and under what circumstances an assistant shall be employed, and of course in both cases the trustees must fix the salary to be paid both the teacher and the assistant, looking in all cases to the school fund. All this matter is under the jurisdiction of the trustees.

True it is that we find that, under section 4506, before quoted, the trustees may, in their discretion and by *written*

*contract with the teacher, require* that he shall teach other branches than those prescribed by the State Board of Education. This is a matter in their discretion and can only be done by contract with the teacher. Where the school fund is sufficient to pay such a teacher, and where, by the contract in writing between the trustees and the teacher, they undertake to have other and higher branches taught than those prescribed by the board, paying therefor out of the common school fund, then doubtless every pupil child who has capacity to study such higher branches would be entitled to receive such instruction free of charge.

But in this case no such requirement was made. No such contract was made between the trustees and the teacher, and we think herein is where appellant's counsel have misapprehended the rights of their client. So far from the trustees contracting with the teacher to give instruction in these higher branches of education, making him compensation therefor, this was expressly disavowed in the contract that they did make with him; and as a part of their contract with the teacher, by which, instead of his *being required to do this* as a part of the service to be rendered by him for the stipulated price to be paid, it was, on the contrary, expressly agreed that this teacher should *have the privilege of teaching these* "higher branches," and, as a part of his compensation, that he should have the right to charge and receive compensation for such service from all those who sought to avail themselves of his services in these branches. Such persons paid and none other.

We are unable to see any wrong in all this done to appellant. And while we do not find this thing expressly authorized, we do not find it prohibited, by the school law, nor can we see that it in any way impairs the equal benefit of this common school system to appellant with all others, while we

do find that by section 4364 *any person* may attend these common schools who can obtain the consent of the trustees and of the teacher, and who will pay the tuition charged. It is noticed that it is not provided by law whether this tuition, so paid by such an one, shall go to the common school fund or be paid to the teacher; doubtless it is left to be disposed of as the trustees and the teacher may determine by contract. And if by this authority persons not entitled by law to tuition in the common schools can obtain same, we see no reason why, by the same method, by contracts between the trustees and the teacher, provision may not lawfully be made, as in this case, whereby the teacher may give lessons in the higher branches of education for his own profit.

In fact this higher branch of education is contemplated by the common school law, and it is marked out and the way and manner in which it may be *generally obtained* for any particular school district is set forth by article 10 of this same chapter 113, entitled, "Graded Common Schools," wherein it is pointed out, when, where and under what circumstances this graded common school may be established, the same to be based on the consent of the people interested and to be supported by a system of taxation, as supplementary to the *common school fund, properly speaking.* In these graded common schools it is contemplated that these higher branches may be taught. This stage of graded common schools, however, has not yet been reached in the district wherein this particular school is being taught. No taxes have been levied for this purpose. Until that is done, and while no fund is provided for it, we see nothing illegal in the trustees, by contract with the teacher, permitting him to give lessons in these higher branches, not prescribed by the common school law, to those pupils whose parents desire them to take such instruction at their own expense.

We have not spoken of the policy of this plan, nor do we commend it as altogether safe. We only say it is not illegal. We think this matter may be fairly left to the sound discretion of the trustees. Of course we regard it a power that should be exercised with great prudence and caution, and care should be taken always that it in no wise impairs the duty, obligation or efficiency of the teacher in the common school branches required by law to be taught. The petition does not charge that the efficient service in this matter has been impaired.

Judgment affirmed.